NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSCAR JOSE ALVARADO MORALES, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-360 <br><br> Agency No. A205-024-159 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 29, 2024**
Submission Withdrawn March 29, 2024
Resubmitted June 27, 2024
San Francisco, California

Before: PAEZ, WALLACH,*** and NGUYEN, Circuit Judges.

Petitioner Oscar Jose Alvarado Morales ("Alvarado Morales"), a native and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Evan J. Wallach, United States Senior Circuit Judge for the Federal Circuit, sitting by designation.

citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal. An immigration judge ("IJ") denied his claims for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition.

When the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and "also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (quoting *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011)). We review legal questions de novo and factual findings for substantial evidence. *Flores-Rodriguez v. Garland*, 8 F.4th 1108, 1113 (9th Cir. 2021). "Whether a group constitutes a 'particular social group' [("PSG")] is a question of law." *Pirir-Boc v. Holder*, 750 F.3d 1077, 1081 (9th Cir. 2014).

1. The IJ properly denied Alvarado Morales's claim for withholding of removal based on the proposed PSG of "Americanized Mexican male[s] perceived to have wealth and ties to the United States." The IJ found the PSG not cognizable, relying on precedent finding similar PSGs not cognizable, *see Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (finding the proposed PSG "imputed wealthy Americans" in Mexico not cognizable); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (finding the proposed PSG "returning Mexicans from the United States" not cognizable), and Alvarado

Morales does not otherwise point to "evidence showing that the [PSG] may in fact be recognized by the relevant society." *Pirir-Boc*, 750 F.3d at 1084.

The IJ also properly denied Alvarado Morales's claim for withholding of removal based on the PSG of "family member[s] of his grandfather, Morelio Morales" due to lack of nexus between the feared harm and the PSG. Substantial evidence supports the IJ's finding that the family of the man Morelio Morales murdered in 2006 would likely not be able to identify Alvarado Morales or know if he returned to Mexico, and therefore Alvarado Morales's fear of being "kidnapped, extorted, or murdered," bears no nexus to the PSG.[1]

2. Substantial evidence supports the IJ's denial of CAT relief, because Alvarado Morales did not establish that it is more likely than not that he would be tortured if removed to Mexico. 8 C.F.R. § 1208.16(c)(2); *Hernandez v. Garland*, 52 F.4th 757, 767–68 (9th Cir. 2022).

**PETITION DENIED.**[2]

---

[1] Although the IJ misstated the nexus standard, stating that an applicant for withholding of removal must show the protected ground "is *the* reason for the claimed persecution," rather than "a reason," *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017), the error is harmless because substantial evidence supports the IJ's finding that there is no nexus at all.

[2] Alvarado Morales's counsels' motion to withdraw, Dkt. 38, is **GRANTED**.